IN CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**MARYLAND SHALL ISSUE, INC., et al**.,

*Plaintiffs,*

vs.

**MONTGOMERY COUNTY, MARYLAND**,

*Defendant.*

**CASE NO.: 485899V**

### PLAINTIFFS' MOTION TO EXCEED PAGE LIMITATION ON MEMORANDUM IN RESPONSE TO DEFENDANT'S SUBMISSION CONCERNING HB 425 AND SB 387

Plaintiffs, by and through counsel and pursuant to the Rules of this Court, hereby move for leave to exceed the page limitation applicable to the accompanying PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S SUBMISSION CONCERNING HB 425 AND SB 387. That Memorandum is 14 pages long, including the caption and signature block. For the following reasons, this motion should be granted:

1. On May 28, 2021, Plaintiffs filed a four-count Verified Complaint in this Court, seeking declaratory and equitable relief as to County Bill 4-21, which made numerous changes to Chapter 57, Weapons, of the Montgomery County Code. The law went into effect on July 16, 2021. Count I of the Verified Complaint alleges that Bill 4-21 is not a "local law" within the meaning of Article XI § 3 of the Maryland Constitution. Count II alleges that Bill 4-21 violates the Express Powers Act, MD Code, Local Government, §10-206, because Bill 4-21 is preempted by or is inconsistent with numerous provisions of State law. Count III alleges that Bill 4-21 constitutes an illegal Taking under the Maryland Takings Clause, Article III, §40 of the Maryland Constitution, and a

**1**

deprivation of property without due process in violation of Article 24 of the Maryland Declaration of Rights. Count IV alleges that Bill 4-21 is unconstitutionally vague under both the Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights.

2. On June 16, 2021, prior to the entry of any scheduling order, plaintiffs filed an emergency motion for partial summary judgment, seeking declaratory and equitable relief on Counts I, II and IV of the Complaint. Plaintiffs at that time did not seek relief under Count III of the Complaint. The Motion was two pages long, not counting the supporting declarations and attachment, and the supporting memorandum of law was 51 pages long, not counting the certificate of service. Plaintiffs requested an emergency hearing on their motion.

3. This Court granted plaintiffs' hearing request and scheduled a hearing on plaintiffs' emergency motion for July 15, 2021. However, on July 12, 2021, in lieu of answering or filing a response to plaintiffs' motion, defendant removed the entire case to federal district court pursuant to 28 U.S.C. § 1441. That removal deprived this Court of jurisdiction to hear the case and the July 15, 2021, hearing was accordingly cancelled. Plaintiffs promptly moved in federal district court to sever the State law claims set forth in Counts I, II, III and IV from the sole federal claim stated in Count IV of the Complaint and to remand the State law claims back to this Court.

4. On February 7, 2022, the federal district court granted plaintiffs' remand motion as to Counts I, II and III, but elected to retain jurisdiction over Count IV, which included both a State constitutional claim under Article 24 and a federal due process claim brought under 42 U.S.C. § 1983. Both Count IV claims alleged that Bill 4-21 was unconstitutionally vague. After receiving the remand order, this Court entered a Scheduling Order, dated February 25, 2022.

5. On February 22, 2022, defendant filed a Motion to Dismiss and Alterative Motion for Summary Judgment, and an Opposition to plaintiffs' motion for summary judgment. That motion was two pages long and the supporting memorandum filed with defendant's motion and opposition

was 48 pages long, not counting extensive attachments. Defendant's motion sought dismissal or summary judgment on all the State law claims that were remanded from federal district court, including Count III on which plaintiff had not previously sought summary judgment. Defendant also filed a motion for leave to exceed the page limitation set forth in the Scheduling Order. Plaintiffs have no objection to defendant's motion to exceed the page limit. In response, plaintiffs' likewise filed a motion for leave to exceed the page limit. All these motions are still pending.

6. As is apparent, the issues presented are complex and important as they involve fundamental questions of preemption and the scope of Montgomery County's power to enact legislation that conflicts or is inconsistent with numerous provisions of State law and is otherwise alleged to in violation of multiple provisions of the Maryland Constitution. In particular, the very recent enactment of SB 387/HB 425 by the General Assembly is fundamental to this inquiry as County Bill 4-21 is in direct conflict and inconsistent with that legislation. These issues fully warrant extended briefing and argument. The pending motions will likely be dispositive of all liability issues, as there are no disputed issues of facts. Such briefing ensures that the Court has the benefit of fully developed arguments.

WHEREFORE, plaintiffs respectfully seeks leave to exceed to the Court's page limitation for their Opposition to defendant's motion.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that on May 16, 2022, a copy of the foregoing Plaintiffs' Motion To Exceed Page Limitation was served on the following counsel for defendant Montgomery County via the MDEC e-filing system:

| | |
|---|---|
| Edward Barry Lattner | Edward.Lattner@MontgomeryCountyMD.gov |
| Patricia Lisehora Kane | patricia.kane@montgomerycountymd.gov |
| Sean Charles O Hara | sean.ohara@montgomerycountymd.gov |

        Respectfully submitted,

        /s/ *Mark W. Pennak*

        MARK W. PENNAK
        *Counsel for Plaintiffs*