IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**MARYLAND SHALL ISSUE, INC.**, *et al*.,

  *Plaintiffs,*

vs.

**MONTGOMERY COUNTY, MARYLAND**,

  *Defendant*.

Case No.: 485899V

**EXPEDITED HEARING REQUESTED**

**PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, RENEWED MOTION FOR EXPEDITION**

Plaintiffs respectfully submit this motion for clarification concerning the scope of the Hearing currently scheduled for May 23, 2022. In the alternative, plaintiffs hereby renew their April 14, 2022 Motion for Expedition for a hearing and a decision on plaintiffs' June 16, 2021 Motion for Summary Judgment. For the reasons set forth below, this Court should hear, on May 23, 2022, plaintiffs' long-pending motion for summary judgment along with defendant's motion to dismiss and alternative motion for summary judgment, filed in February 2022. Alternatively, the Court should grant, on an expedited basis, a hearing and issue a decision on plaintiffs' pending motion for summary judgment.

**A.     The Pending Motions for Summary Judgment**

On June 16, 2021, plaintiffs filed an emergency motion for partial summary judgment, seeking declaratory and equitable relief on Counts I, II and IV of the Complaint. An emergency hearing was scheduled for July 15, 2021, on that motion. On July 12, 2021, in lieu of answering the Complaint, defendant removed the entire case to federal district court pursuant to 28 U.S.C. §

- Page 1 -

1441. As a result, the June 15, 2021 Hearing was canceled by the Court. On February 7, 2022, the federal district court granted plaintiffs' remand motion as to Counts I, II and III, but elected to retain jurisdiction over Count IV. Count IV of the Complaint is therefore no longer before this Court on plaintiffs' motion.

On February 22, 2022, after remand of the case from federal district court, defendant filed a Motion to Dismiss and Alterative Motion for Summary Judgment, **and** an Opposition to plaintiffs' still-pending motion for partial summary judgment. Defendant's motions sought dismissal or summary judgment on all the State law claims, including Count III on which plaintiff had not previously sought summary judgment. On March 7, 2022, plaintiffs filed their opposition to defendant's motion and requested declaratory and equitable relief as to all claims before this Court, including Count III. Defendant likewise requested declaratory relief as to all claims that remained before this Court.

B.   **Plaintiffs' April 14, 2022 Motion For Expedition**

On April 14, 2022, plaintiffs filed a supplemental memorandum concerning the enactment by the General Assembly of HB 425 and SB 387. Combined with that supplemental memorandum was Motion for Expedited Hearing and Decision, specifically requesting expedition "on plaintiffs' motion for partial summary judgment as well as on the Motion to Dismiss and Alternative Motion for Summary Judgment filed by defendant." In an order filed April 20, 2022, this Court dismissed as "**MOOT**" plaintiffs' motion for expedition. (Emphasis added).

On April 20, 2002, this Court also issued an order scheduling a hearing on defendant's motion to dismiss and alternative motion for summary judgment and on plaintiffs' opposition to those motions for May 23, 2022. Plaintiffs' motion for summary judgment was not mentioned in that order, even though plaintiffs' motion for expedition has been denied as "MOOT."

1  Undersigned counsel believed that the omission of any mention of plaintiffs' motion for summary
2  judgment in the Hearing order was simply an oversight as the motion for expedition could not be
3  "MOOT" unless the Court had intended to include plaintiffs' motion for summary judgment in the
4  May 23, 2022 Hearing. That conclusion also made obvious sense, given that the briefing on both
5  sets of motions was combined and a decision on one set of motions would quite likely be
6  dispositive of the other set of motions

7  Defendant shared that belief. On April 28, 2022, plaintiffs and defendants filed a Joint
8  Motion with the Court requesting a total of one hour for the May 23, 2022 Hearing. The Joint
9  Motion made clear that the parties believed that the May 23, 2022 Hearing encompassed the
10 pending motions of summary judgment filed by **both** plaintiffs and defendant, noting that "[t]his
11 Court has scheduled oral argument **on the parties' cross-motions** for May 23, 2022; only 30
12 minutes are allotted for argument." The request for extra time was intended to accommodate
13 counsels' desire to more fully address both sets of motions. As that Joint Motion also makes clear,
14 the parties desired to argue both sets of motions on May 23, 2022.

15 **C.    This Court's Latest Order**

16 In order filed today, May 18, 2022, this Court granted "in part" the Joint Motion to Extend
17 time to one hour, stating that oral argument would be "on Defendant's Motion to Dismiss or,
18 Alternatively, for Summary Judgment, filed on February 22, 2022, and Plaintiffs' Opposition
19 thereto, as these are the only matters pending before the Court for hearing on May 23, 2022." By
20 that limitation, undersigned counsel now understands the Court to be **excluding** argument on
21 plaintiffs' pending motion for summary judgment. Respectfully, any such exclusion of plaintiffs'
22 motion for summary judgment would be counterproductive to the prompt and fair resolution of
23 this case and a needless waste of the resources of this Court and of the parties.

1  Plaintiffs thus respectfully request clarification or reconsideration concerning the scope of
2  argument for the May 23, 2022 Hearing. As noted, the cross-motions for summary judgment were
3  briefed in combination. As the Joint Motion suggests, it will be difficult if not impossible to limit
4  argument to defendant's motion as the merits issues in both motions are the same. As noted above,
5  both plaintiffs and defendant seek declaratory relief on all claims presently before the Court.

6  Alternatively, if the May 23, 2022 Hearing will actually exclude argument and relief on
7  plaintiffs' June 16, 2021 Motion for Summary Judgment, then plaintiffs' April 14, 2022 Motion
8  for Expedition is not "MOOT" and never was. In that case, the April 20, 2022 Order of this Court
9  denying plaintiffs' Motion for Expedition as "MOOT" was erroneously entered and should be
10 vacated and replaced with a new Order disposing of the Motion to Expedite. Should the Court elect
11 to limit the May 23, 2022 Hearing to defendant's motion, then plaintiffs hereby respectfully renew
12 their April 14, 2022 request for expedition as applied to plaintiffs' motion for summary judgment
13 and request an expedited hearing and decision on that motion for summary judgment.

14 All the reasons for expedition detailed in plaintiffs' April 14, 2022 Motion for Expedition
15 still apply. Specifically, as explained in that Motion, the General Assembly has enacted HB 425
16 and SB 387 into law, with an effective date of June 1, 2022. Yet, Bill 4-21 effectively precludes
17 implementation of HB 425 and SB 387 in Montgomery County and thus bars participation by
18 plaintiff Engage Armament, a federally licensed Class 07 manufacturer, in the serialization process
19 established by HB 425 and SB 387. See Plaintiffs' Memorandum In Response To Defendant's
20 Submission Concerning HB 425 And SB 387 at 13-14 (filed May 15, 2022). The time limitation
21 for serialization by existing owners established in HB 425 and SB 387 is currently running. See *id.*
22 at 3. Time of the essence.

**CONCLUSION**

For all the foregoing reasons, this Court should hear **both** plaintiffs' motion for summary judgment **and** defendant's motion to dismiss and for summary judgment at the May 23, 2022 Hearing. Alternatively, this Court should grant plaintiffs' motion for expedited treatment of plaintiffs' June 16, 2021 Motion for Summary Judgment and schedule a hearing and issue a decision on that Motion for Summary Judgment as soon as possible.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td><i><u>/s/ Mark W. Pennak</u></i></td></tr>
<tr><td></td><td>MARK W. PENNAK<br>Maryland Shall Issue, Inc.<br>9613 Harford Rd, Ste C #1015<br>Baltimore, MD 21234-21502<br>mpennak@marylandshallissue.org<br>Phone: (301) 873-3671<br>MD Atty No. 1905150005</td></tr>
<tr><td>Dated: May 18, 2022</td><td><i>Counsel for Plaintiffs</i></td></tr>
</table>

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

**MARYLAND SHALL ISSUE, INC.**, *et al.*,

*Plaintiffs,*

vs.

**MONTGOMERY COUNTY, MARYLAND**,

*Defendant.*

**Case No.: 485899V**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on May 18, 2022, a copy of the foregoing Plaintiffs Motion For Clarification Or, In The Alternative, Renewed Motion To Expedite was served on the following counsel for defendant Montgomery County via the MDEC e-filing system:

Edward Barry Lattner          Edward.Lattner@MontgomeryCountyMD.gov

Patricia Lisehora Kane         patricia.kane@montgomerycountymd.gov

Sean Charles O Hara            sean.ohara@montgomerycountymd.gov

/s/ *Mark W. Pennak*

MARK W. PENNAK
*Counsel for Plaintiffs*