IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**MARYLAND SHALL ISSUE, INC.**, *et al*.,

    *Plaintiffs,*

vs.

**MONTGOMERY COUNTY, MARYLAND**,

    *Defendant*.

**Case No.: 485899V**

**EXPEDITED HEARING REQUESTED**

**PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to MD Rule 2-311, MD Rule 2-501 and MD Rule 2-602, plaintiffs respectfully renew plaintiffs' motion for summary judgment, previously filed with this Court on June 16, 2021. Pursuant to MD Code, Courts and Judicial Proceedings, § 3-409(e), plaintiffs respectfully request "a speedy hearing" on this motion and that the Court "advance it on the calendar" to be heard and decided as soon as possible. Plaintiffs hereby incorporate by reference and renew their May 19, 2022 motion for expedition as applied to the Court's consideration of this motion for summary judgment as well as consideration of defendant's pending motion to dismiss and alternative motion for summary judgment.

In support of this renewed motion for summary judgment, plaintiffs hereby incorporate by reference (1) the verified Complaint and the attachments filed with the Complaint, filed May 28, 2021, (2) the memorandum of law and motion and declarations filed in support of plaintiffs' June 16, 2022 Motion for Summary Judgment, (3) plaintiffs' memorandum filed in opposition to defendant's motion to dismiss and alternative motion for summary judgement and in support of

- Page 1 -

plaintiffs' motion for summary judgment, filed March 10, 2022, (4) plaintiffs' Supplemental Memorandum Regarding Enactment Of Senate Bill 387 And House Bill 425 Into Law, filed April 14, 2022, (5) plaintiffs' Memorandum In Response To Defendant's Submission Concerning HB 425 and SB 387, filed May 16, 2022, and (6) any other matters of record, including proposed orders, filed by plaintiffs in this case to date.

Summary judgment for declaratory and equitable relief is sought on Counts I, II and III of the Complaint. Count I of the Verified Complaint alleges that Bill 4-21 is not a "local law" within the meaning of Article XI § 3 of the Maryland Constitution. Count II alleges that Bill 4-21 violates the Express Powers Act, MD Code, Local Government, §10-206, because Bill 4-21 is preempted by or is inconsistent with numerous provisions of State law. Count III alleges that Bill 4-21 constitutes an illegal Taking under the Maryland Takings Clause, Article III, §40 of the Maryland Constitution, and a deprivation of property without due process in violation of Article 24 of the Maryland Declaration of Rights. Count IV alleges that Bill 4-21 is unconstitutionally vague under both the Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights.

On June 16, 2021, plaintiffs filed an emergency motion for partial summary judgment, seeking declaratory and equitable relief on Counts I, II and IV of the Complaint, and a hearing on that motion was scheduled for July 15, 2021. Plaintiffs at that time did not seek relief under Count III of the Complaint. On July 12, 2021, in lieu of answering the Complaint, defendant removed the entire case to federal district court pursuant to 28 U.S.C. § 1441. On February 7, 2022, the federal district court granted plaintiffs' remand motion as to Counts I, II and III, but elected to retain jurisdiction over Count IV.

On February 22, 2022, after remand, defendant filed a Motion to Dismiss and Alternative

1  Motion for Summary Judgment, and an Opposition to plaintiffs' motion for partial summary
2  judgment. Defendant's motions sought dismissal or summary judgment on Counts I, II and III.
3  Defendant requested declaratory relief as to all claims before this Court. On March 10, 2022,
4  plaintiffs filed their Opposition to defendant's motion and requested declaratory and equitable
5  relief as to all claims before this Court, including Count III. With this renewed motion for summary
6  judgment, plaintiff renew that request for declaratory and equitable relief on Counts I, II and III.

7  Plaintiffs' June 16, 2021 Motion for Summary Judgment only sought summary Judgment
8  on Counts I, II and IV of the Complaint. However, as noted above and explained in plaintiffs'
9  March 10, 2022, Opposition to defendant's motion to dismiss and alternative motion for summary
10 judgment, jurisdiction over Count IV of the Complaint has been retained by the federal district
11 court in the order that remanded Counts I-III back to this Court.  Count IV remains before the
12 federal district court where proceedings on Count IV are being held in abeyance pending a final
13 judgment of this Court on Counts I-III of the Complaint. Count IV of the Complaint is thus no
14 longer before this Court and that part of plaintiffs' June 16, 2021 motion for summary judgment
15 solely addressing Count IV may therefore be disregarded. As also explained in plaintiffs' March
16 10, 2022 Opposition, defendant's motion for summary judgment seeks a declaration of rights on
17 Count III of the Complaint and plaintiffs are thus likewise entitled to a declaration of rights on
18 Count III on defendant's motion as a matter of law.

19 Accordingly, this renewed motion for summary judgment encompasses all Counts of the
20 Complaint that were remanded by the federal district court, including Count III of the Complaint.
21 No additional briefing is necessary or sought on this renewed motion for summary judgment, as
22 all the remanded Counts of the Complaint have already been thoroughly briefed on the cross-
23 motions for summary judgment. Plaintiffs have no objection to defendant's prior pleadings being

deemed filed in opposition to this renewed motion for summary judgment.

As detailed in plaintiffs' Opposition to defendant's motions, plaintiffs are entitled to "just compensation" on the takings claim set forth in Count III. The **amount** of such just compensation has yet to briefed by the parties. Plaintiffs therefore respectfully suggest that the Court apply MD Rule 2-602 and hold that there is no just reason for delay and enter final judgment granting declaratory and equitable relief on Counts I and II and III. Such an order will permit an immediate appeal on questions of law presented by these Counts, should any party so desire. The Court should schedule further proceedings for a determination of the amount of just compensation due under Count III. Defendant has not opposed that request for a Rule 2-602 determination. Plaintiffs hereby incorporate by reference the proposed order submitted with its Opposition on March 10, 2022.

## CONCLUSION

For all the foregoing reasons, this Court should grant plaintiffs' motion for summary judgment for declaratory and equitable relief on Counts I, II and III of the Complaint. The Court should apply MD Rule 2-602 and hold that there is no just reason for delay and enter final judgment granting declaratory and equitable relief for plaintiffs on these Counts. The Court should schedule further proceedings for a determination of just compensation under Count III.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
*Counsel for Plaintiffs*

Dated: May 20, 2022

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

**MARYLAND SHALL ISSUE, INC.,** *et al.*,

    *Plaintiffs,*

vs.                                                    Case No.: 485899V

**MONTGOMERY COUNTY, MARYLAND**,

    *Defendant.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 20, 2022, a copy of the foregoing Plaintiffs' Motion for Summary Judgment was served on the following counsel for defendant Montgomery County via the MDEC e-filing system:

Edward Barry Lattner        Edward.Lattner@MontgomeryCountyMD.gov

Patricia Lisehora Kane       patricia.kane@montgomerycountymd.gov

Sean Charles O Hara        sean.ohara@montgomerycountymd.gov

                              /s/ *Mark W. Pennak*

                              MARK W. PENNAK
                              *Counsel for Plaintiffs*