

August 12, 2022

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
        Case Nos. 8:21-cv-01736-TDC & 8:22-cv-01967-DLB (D. Md.)

**Notice of Intent to Submit A Motion for Partial Summary Judgment**

Dear Judge Chuang:

This Letter is intended to comply with the Court's Case Management Order. In a paperless order, entered August 11, 2022, the Court denied without prejudice defendant's motion to remand the State law claims in Counts I-III, and hold in abeyance the federal and state claims in Count IV and the federal claim in Count V. Plaintiffs opposed the defendant's motion in an Opposition filed August 9, 2022, with a corrected copy filed August 11, 2022, and plaintiffs hereby reiterate and incorporate that Opposition here. In that Opposition, plaintiffs stated that they would file a request under the Court's case management order for leave to file a motion for summary judgment on Count V of the amended complaint. That Count sets forth plaintiffs' Second Amendment claim. The defendant has already indicated its opposition to any relief under the Second Amendment in a July 19, 2022 hearing held in State court on then-pending cross motions for summary judgment, which the State court denied as moot soon after the amended complaint was filed. It does not appear that the matter can be resolved without a motion. For the reasons set forth below, leave should be granted for plaintiffs to file a motion for partial summary judgment and for the entry of permanent declaratory and injunctive relief on Count V of the amended complaint. Plaintiffs intend to request the entry of a final judgment on Count V under Rule 54(b), Federal Rules of Civil Procedure.

As more fully set forth in plaintiffs' Opposition, Count V challenges the County's enactment of Bill 4-21, under the Second Amendment as recently construed and applied by the Supreme Court in *NYSRPA v. Bruen*, 142 S.Ct. 1211 (2022). There, the Court struck down as unconstitutional New York's "proper cause" requirement for issuance of a permit to carry a handgun in public, ruling that "a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense." (142 S.Ct. at 2135 n.8). Under *Bruen*, "the Second Amendment guarantees a general right to public carry." 142 S.Ct. at 2135. The Court went on to reject the "means-end," two step, intermediate scrutiny analysis used by the lower courts to sustain gun regulations, holding that "[d]espite the popularity of this two-step approach, it is one step too many." The Court ruled that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation

by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S.Ct. at 2129.

As more fully set forth in plaintiffs' opposition, Bill 4-21 bans the possession, transport, transfer and sales of **all** types of firearms (including components) taking place at or within 100 yards of any "place of public assembly." See Montgomery County Code § 57-11(a), as amended by Bill 4-21. Bill 4-21 amends the County Code to define "place of public assembly" extremely broadly to mean: "a place where the public **may assemble**, whether the place is **publicly or privately** owned, including a park; place of worship; school; library; recreational facility; hospital; community health center; long-term facility; or multipurpose exhibition facility, such as a fairgrounds or conference center. A place of public assembly includes all property associated with the place, such as a parking lot or grounds of a building." (Emphasis added). See Montgomery County Code § 57-1, as amended by Bill 4-21.These bans prohibit conduct falling within the text of the Second Amendment and are flatly unconstitutional.

*Bruen* holds that governments may ban firearms at "legislative assemblies, polling places, and courthouses" and notes that governments may also regulate firearms "in" schools and government buildings. 142 S.Ct. 2133. *Bruen* states that "courts can use analogies to those historical regulations of 'sensitive places' to determine that modern regulations prohibiting the carry of firearms in new and analogous sensitive places are constitutionally permissible." (Id.). But nothing in *Bruen* can be read to allow a State (or a County) to ban the possession, transport, transfer and sales of all firearms at every location where the "public may assemble" (much less within 100 yards of such locations) as the County does here with the enactment of Bill 4-21. Indeed, the Court rejected New York's "attempt to characterize New York's proper-cause requirement as "a 'sensitive-place' law," ruling that "expanding the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly." 142 S.Ct. 2133-34. "Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." 142 S.Ct. 2134.

State *ipse dixit* declarations or avowed public safety concerns are irrelevant. Under *Bruen*, "the government may not simply posit that the regulation promotes an important interest." 142 S.Ct. at 2126. Rather "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. The State must "identify a well-established and representative historical analogue to its regulation." 142 S.Ct. at 2133. Historical "outlier" regulations are to be disregarded. 142 S.Ct. at 2133, 2146 n.22, 2153, 2156, 2160. The County has not and cannot make the required showing. Montgomery County is no more a "sensitive place" than is Manhattan. On its face or under any reasonable reading, Section 57-11 of the County Code impose restrictions that vastly exceed the limited regulatory authority recognized in *Bruen*. For the foregoing reasons, plaintiffs respectfully request leave to file a motion for partial summary judgment and for the entry of permanent declaratory and injunctive relief on Count V of the amended complaint. The remaining Counts need not be addressed at this time.

Sincerely,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs
cc: All Counsel via ECF.