IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No.: 8:22-cv-01967-DLB[1] |
| | * | |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

### DEFENDANT'S MOTION FOR EXTENSION OF TIME
### TO RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Montgomery County, Maryland, ("County") by and through its undersigned counsel, respectfully submits the following Motion for Extension of Time to Respond to Plaintiffs' First Amended Complaint.  For the reasons stated below, Defendant requests that the Court permit Defendant to respond to the First Amended Complaint within 21 days after the Court rules on the pending Defendant's Partial Consent Motion to Consolidate and to Remand Counts I, II, and III filed in both related cases 8:21-cv-01736-TDC and 8:22-cv-01967-DLB.

**I.    BACKGROUND**

Plaintiffs filed their original Complaint in Montgomery County Circuit Court under Case No. 485899V.  The original Complaint contained four counts. In Count I, Plaintiffs averred that Montgomery County Bill 4-21[2] is not a "local law" and that the County "exceeded its powers and jurisdiction to regulate" firearms in "direct conflict" with Article XI-A § 3 of the Maryland Constitution. See ECF 7 ⁋ 36-39.   In Count II, Plaintiffs alleged that Bill 4-21 is in conflict with

---

[1] A related case involving the same parties and the same Bill 4-21 is also pending before Judge Chuang in Case Number: 8:21-cv-01736-TDC.  The instant motion is not being filed in that case because no responsive pleading is currently required therein.  Only Count IV of the original complaint is currently pending before Judge Chaung.

[2] Bill 4-21 restricts the "possession, use, sale, and transfer" of ghost and undetectable guns "with respect to minors" and "within 100 yards of places of public assembly."

and preempted by several state statutes that regulate firearms. (*Id.*, ¶ 40-42.) Count III alleged that the restrictions in Bill 4-21 violate the Maryland Takings Clause, Md. Const., Article III § 40 and the Due Process Clause of the Maryland Declaration of Rights by "depriving Plaintiffs of their vested property rights in [ ] personal property." (*Id.* ¶ 43-50). In Count IV, Plaintiffs argued that Bill 4-21 is impermissibly vague and violates Plaintiffs' Federal Due Process rights under the Fourteenth Amendment and Due Process rights under Article 24 of the Maryland Declaration of Rights. (*Id.* ¶ 51-66). Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs sought compensatory damages, nominal damages, and attorney's fees. (*Id.* ¶ 66).

Defendant timely removed the original Complaint on July 12, 2021, forming case number 8:21-cv-01736-TDC. On February 7, 2022, Judge Chuang remanded Counts I, II, and III for further proceedings in State Court and held Count IV in abeyance pending resolution of Counts I, II, and III. See ECF 22 and 23. The Federal action remains stayed. *Id*.

In the Circuit Court for Montgomery County, the parties filed dispositive cross-motions on Counts I, II, and III and the Court held a hearing regarding those counts on July 19, 2022. The State Court took the motions under advisement. Three days later, before the State Court could rule, Plaintiffs filed the First Amended Complaint on July 22, 2022, adding Count V and alleging, for the first time, a violation of the Second Amendment.[3] Counts I, II, III, and IV of the First Amended Complaint are essentially identical to those in the original Complaint. Defendant removed the First Amended Complaint on August 8, 2022 forming the instant matter, Case Number 8:22-cv-01967-DLB.

On August 8, 2022, Defendant filed a Partial Consent Motion to Consolidate and to

---

[3] As a result of Plaintiffs' Amended Complaint, the Circuit Court denied the cross-motions as moot.

Remand Counts I, II, and III.  Defendant filed identical motions in both 8:21-cv-01736-TDC[4] and 8:22-cv-01967-DLB.  The Partial Consent Motion to Consolidate and to Remand Counts I, II, and III remains pending.  The County's responsive pleading to the First Amended Complaint is due today, August 15, 2022. See Fed Rules Civ Proc R 81(c)(2)(C).

**II.     GOOD CAUSE EXISTS TO GRANT AN EXTENSION**

The end result of the foregoing procedural history is that Counts I, II, III and V are currently pending only in this matter (8:22-cv-01967-DLB) while Count IV is arguably pending in both 8:22-cv-01967-DLB and 8:21-cv-01736-TDC.  Counts I, II, and III were fully briefed and argued in the Circuit Court for Montgomery County, Maryland, but the State Court was unable to provide a ruling prior to removal on August 8, 2022.  It is unclear whether Counts I, II, and III will be litigated in this Court or in Circuit Court.  It makes little sense to fully brief all five counts of the First Amended Complaint until the parties have clarity with respect to when and where each count will be litigated.  Those issues will be resolved when the Court rules on the pending Partial Consent Motion to Consolidate and to Remand Counts I, II, and III.

Furthermore, the issues herein are complex and will require substantial briefing.  At the Circuit Court level, the briefing by all parties with respect to Counts I, II, and III eclipsed three hundred pages.  In addition, Plaintiffs' 2nd Amendment claim depends largely on the June 23, 2022 decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).  Given the very recent shift in 2nd Amendment law, counsel for the County needs additional time to fully brief this emerging issue.  Finally, with the summer months concluding, both Mr. Lattner and Mr. O'Hara have vacation plans that make it difficult to meet the seven-day deadline of Rule 81.

---

[4] On August 11, 2022, Judge Chuang denied <u>without prejudice</u> the Defendant's Partial Consent Motion to Consolidate and to Remand Counts I, II, and III as Defendant had not yet filed a letter requesting a pre-motion conference. See ECF 30.  Defendant will cure that procedural defect on August 15, 2022 by filing the requisite letter of intent.

### III. CONCLUSION

Defendant respectfully requests that this Court grant an extension of time to file pleadings responsive to the First Amended Complaint until 21 days after the Court rules on Defendant's Partial Consent Motion to Consolidate and to Remand Counts I, II, and III.

Respectfully submitted,

JOHN P. MARKOVS
ACTING COUNTY ATTORNEY

/s/ *Patricia L. Kane*
Patricia L. Kane, Chief
Division of Litigation
patricia.kane@montgomerycountymd.gov
Bar No. 13621

/s/ *Edward B. Lattner*
Edward B. Lattner, Chief
Division of Government Operations
edward.lattner@montgomerycountymd.gov
Bar No. 03871

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney
sean.ohara@montgomerycountymd.gov
Bar No. 20725

Attorneys for Defendant Montgomery County, Maryland
Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically on August 15, 2022 to:

Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-21502
mpennak@marylandshallissue.org

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney

## GOOD FAITH CERTIFICATE

I HEREBY CERTIFY that undersigned counsel sought Plaintiffs' consent to the relief requested. Due to the difficult procedural posture of the case, counsel for Plaintiffs indicated that Plaintiffs "would consent to an extension in 22-1967, for 3 weeks measured from today (August 15, 2022)."

Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-21502
mpennak@marylandshallissue.org

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney